UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ASHLEY FUSCO,

                            Plaintiff,                           Docket No.

        -against-

TFW PLAINVIEW, LLC, TFW GARDEN CITY, LLC,       **COMPLAINT**
TFW MANAGEMENT, LLC, AND NIKKO
PANTELONES,

                            Defendants.

-------------------------------------------------------------------X

Plaintiff ASHLEY FUSCO ("Plaintiff" or "Fusco"), by Law Offices of Jason L. Abelove, P.C., her attorney, complaining of Defendants TFW PLAINVIEW, LLC, TFW GARDEN CITY, LLC, TFW MANAGEMENT, LLC (collectively "The French Workshop Defendants") and NIKKO PANTELONES ("Pantelones"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the applicable regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 216(b).

2.     Plaintiff further complains pursuant to New York Labor Law ("NYLL"), that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week

and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees.  NYLL § 190 et. seq., including §§ 195 and 198.

3.      Plaintiff is also entitled to compensation for not receiving notice(s) required by NYLL § 195(2), and not receiving statement(s) required by NYLL § 195(3), including maximum liquidated damages on all wages, interest, and attorneys' fees pursuant to NYLL § 198.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the FLSA pursuant to 29 U.S.C. § 216 (b).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7.      Plaintiff is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

8.      Upon information and belief, and at all times relevant herein, Defendant TFW Plainview, LLC, is a domestic Limited Liability Company with a principal place of business in the County of Nassau, State of New York.

9.      Upon information and belief, and at all times relevant herein, Defendant TFW Garden City, LLC is a domestic Limited Liability Company with a principal place of business in the County of Nassau, State of New York.

10.    Upon information and belief, and at all times relevant herein, Defendant TFW Management, LLC, is a domestic Limited Liability Company with a principal place of business in the County of Nassau, State of New York.

11.    Upon information and belief, and at all times relevant herein, Defendant Nikko Pantelones is the 100% owner of the Corporate Defendants and is an individual who resides in the County of Nassau, State of New York.

12.    Upon information and belief, and at all times relevant herein, Defendants collectively maintained places of business in Queens County, and Nassau County in Bayside and Garden City respectively, where Plaintiff was employed at all relevant times herein.

13.    Defendants jointly operated a series of Bakeries known as The French Workshop, where Plaintiff was employed.  Defendants are "employers" as defined by the FLSA and New York Labor Law.

## STATEMENT OF FACTS

14.    At all relevant times herein, Defendant was involved in the culinary and restaurant business.

15.    At all relevant times herein, Defendant employed about 75  or more employees.

16.    Plaintiff was employed by Defendant for approximately one year ending on or about October 26, 2022.

17.    At all times relevant herein, Plaintiff was employed by Defendant as a Shift Manager and performing all tasks within this capacity such as scheduling, training and sales.

18.    Plaintiff was initially employed in or around November, 2021 as a salaried employee at a rate of $1,300 per week.  She received the required Notice of Pay Rate at the time of hiring in accordance with the law.

19.     On or about July 6, 2022, Plaintiff received notice from Georgia Berios that her salaried position as a Shift Manager was being changed to an hourly position.  The notice stated: Just a heads up - I changed salary managers to wages so you will see $32.50 hourly - you will still get paid the same amount but in hourly form on your paystub because workers comp classifies salary workers in a higher rate - it was like $80.00 for worker comp per check per person on salary.  Nonsense - if you have any questions let me know.

20.     Following Defendant's decision to change Plaintiff to an hourly employee, Defendant did not provide Plaintiff with the notice(s) as required by NYLL § 195(2).

21.     As is stated in the email, Plaintiff was then paid at the hourly rate of $32.50 an hour for 40 hours each week.

22.     However, Plaintiff was not paid any salary or overtime for work in excess of 40 hours per week.

23.     From the time Plaintiff was changed to an hourly employee on July 6, 2022 through the termination of her employment on or about October 26, 2022, Plaintiff was not paid any wages for her overtime hours (hours over 40 in a week), worked each week during her employment with Defendant.

24.     Between July 6, 2022 and October 26, 2022, Plaintiff worked 54.5 hours each week (14.5 hours over 40 in a week).

25.     Accordingly, Plaintiff was paid no wages for 14.5 hours a week of overtime for 17 weeks.

26.     She should have received $48.75 per hour ($32.50 x 1.5) x 14.5 hours per week x 17 weeks totaling $12,016.87.

27. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL.

28. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

29. Upon information and belief, and at all times relevant herein, Defendant conducted business with vendors and other businesses outside the State of New York.

30. Upon information and belief, and at all times relevant herein, Defendant conducted business in interstate commerce involving the purchase of equipment and supplies.

31. Upon information and belief, and at all times relevant herein, Defendant as a regular part of its business, made payment of taxes and other monies to agencies and entities outside the State of New York.

32. Upon information and belief, and at all times relevant herein, Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. Upon information and belief, and at all times relevant herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant's business, and Plaintiff's employment with Defendant.

34. Upon information and belief, and at all times relevant herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

35. At all times relevant herein and for a time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times the applicable

rate of pay for all hours worked in excess of forty hours in a week for each week during her employment with Defendant.

36.     Plaintiff worked at the Garden City store in June and July, 2022.  In early July, Plaintiff was asked to go to the Plainview store and told she would need to work more hours without compensation.

37.     Plaintiff was told that she was an "excellent" employee and was needed in Plainview.

38.     Plaintiff asked Theodora Chrisophouro (the manager) if she could be paid for all hours worked.

39.     Theodora advised Plaintiff to wait until the end of July, 2022 following her vacation to address the illegality in Plaintiff's pay.

40.     When Theodora returned, Plaintiff again addresseed the fact that Plaintiff was not being paid for all hours worked.

41.     Plaintiff was again told that she was a great and valued employee, and Theodora stated she would need "a few weeks" until she was situated after her vacation.  Plaintiff was told to "keep up the great work".

42.     In September, Defendant Pantelones (Theodora's father) returned to work from his summer off in Greece.

43.     Plaintiff then addressed the fact that she was not being paid for all hours worked.

44.     For the first time, Pantelones criticized Plaintiff's work stating, "you don't deserve" any more money.

45.     In the following days, Plaintiff was yelled at by Defendant Pantelones regarding feigned issues with her performance.

46.    The change in attitude toward Defendant was purely in retaliation for Plaintiff requesting that she be paid in accordance with law.

47.    Plaintiff was criticized for purported stocking and staffing issues despite the fact that the store was fully stocked and staffed.

48.    As a result of being yelled at on a nearly daily basis, Plaintiff resigned her employment under circumstances that constituted a constructive termination.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C § 201 et seq. (Overtime)**

49.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 28 above as if set forth fully and at length herein.

50.    At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et seq.

51.    At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

52.    At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

53.    At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime wages at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

Relief Demanded

54.    Plaintiff is entitled to recover from Defendant her unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL §§ 190, 195 and 198 (Unpaid OT and Notice Violations)

55.    Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

56.    At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the NYLL, § 190 et seq., including §§ 195 and 198, and the applicable regulations thereunder.

57.    Defendant violated and willfully violated NYLL § 190 et seq., including § 198, by failing to pay Plaintiff all her unpaid overtime wages.

58.    At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(2) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for these violations, plus attorneys' fees and costs pursuant to NYLL § 198, as well as an injunction directing Defendant to comply with NYLL § 195(2).

59.    At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198, including § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(3).

## AS AND FOR A THIRD CAUSE OF ACTION (Retaliation)

60.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 28 above as if set forth fully and at length herein.

61.    Plaintiff was retaliated against in the terms and conditions of her employment for complaining about Defendants' pay practices.

62. This retaliation is a violation of the anti retaliation provisions of the FLSA and New York Labor Law.

63. Plaintiff is entitled to front pay, back pay and punitive damages for the illegal retaliation.

## RELIEF DEMANDED

64. Plaintiff is entitled to recover from defendant her entire unpaid overtime wages, liquidated damages – including prejudgment interest, maximum recovery for violations of NYLL 195(2) and (3), reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 190 et seq., including § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

65. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and Article 6 of the NYLL, and the Regulations thereunder;

66. As to the First Cause of Action, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

67. As to his Second Cause of Action, award Plaintiff all outstanding overtime wages, plus maximum liquidated damages – including maximum recovery for violations of NYLL 195(2) and (3), reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 190 et seq., including § 198, and issue an injunction directing Defendant to comply with NYLL §§ 195(2) and 195(3).

68. Award Plaintiff prejudgement interest on all monies due;

69. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the WHEREFORE clause;

70.     Award Plaintiff such other, further and different relief as the Court deems just and

proper.

Dated: Garden City, New York
        July 6, 2023

                                        Respectfully submitted,

                `                       LAW OFFICES OF JASON L. ABELOVE, PC


                                        By:_____
                                           Jason L. Abelove
                                           666 Old Country Road, Suite 303
                                           Garden City, New York 11530
                                           516-222-7000
                                           Jason@jasonabelove.com
                                           *ATTORNEY FOR THE PLAINTIFF*